IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HORACE BROWN, JR.,**

    **Plaintiff,**

vs.                                       Case No. 4:05cv497-RH/WCS

**DEPARTMENT OF CORRECTIONS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Defendant Florida Department of Corrections responded to the *pro se* Plaintiff's amended complaint by filing a motion to dismiss, doc. 14. Defendant's motion to dismiss, doc. 14, asserts that dismissal of this case is appropriate because the State is protected by Eleventh Amendment immunity, and because Plaintiff has not presented allegations to support his requests for injunctive relief. Doc. 14. Plaintiff was given an opportunity to submit a response to the motion to dismiss, doc. 15, and Plaintiff's response was timely filed. Doc. 16.

**Allegations of the amended complaint**

This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211-12117. Plaintiff alleges he was employed by the Florida Department of

Corrections from September of 1997 through September of 2003. Doc. 6, p. 3. Plaintiff claims Defendant discriminated against him by failing to accommodate Plaintiff's disability. *Id.*

Plaintiff states that in February, 2003, he fell while at work and injured his right knee. Doc. 6, p. 4. Although Plaintiff's allegations are not entirely clear, it appears that after Plaintiff was released by his physician, Plaintiff returned to alternate duty work in July. *Id.* Plaintiff was placed on "light duty" work sometime thereafter. *Id.*, at 5. On August 29th, Plaintiff was sent home and states he was "fired inability to perform." *Id.* Plaintiff indicates he had "2% impairment (knee)" and although he requested working as a "perimeter officer or [in the] control room," his request for an accommodation was denied. *Id.* Plaintiff seeks monetary damages of $400,000.00, re-employment, back pay, a "medical and dental plan," and other injunctive relief.[1] *Id.*, at 6.

**Defenses**

Defendant argues that the State of Florida has immunity under the Eleventh Amendment and Plaintiff may not seek money damages from the State. Further, because Congress did not abrogate the State's immunity when passing the ADA, Plaintiff's request for monetary relief must be dismissed. Doc. 14.

**Analysis**

In <u>Board of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Supreme Court considered a claim by Alabama state employees under the ADA and unequivocally held that such "suits are barred by the

---

[1] Plaintiff states in his request for injunctive relief: "Injured employee be informed about ADA, must sign an affidavit." Doc. 6, p. 6.

Eleventh Amendment." Garrett, 531 U.S. at 360, 121 S.Ct. at 960.  The Court concluded that Congress did not validly abrogate the State's Eleventh Amendment immunity when it passed the ADA because Congress did not "identify a pattern of irrational state discrimination in employment against the disabled." 531 U.S. at 368, 121 S.Ct. at 965.  Therefore, Plaintiff's claim for monetary damages may not proceed against the Defendant.  Defendant's motion to dismiss as to this argument should be granted.

However, the Court did note that a private individual may still seek injunctive relief from the Defendant[2] pursuant to Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).  Garrett, 531 U.S. 356, 374, n.9, 121 S.Ct. at 968, n.9 (2001).  As part of his requests for injunctive relief, Plaintiff seeks various options such as being re-employed by the Defendant, being re-employed in another position, and other injunctive demands.  Defendant argues that Plaintiff seeks "re-employment" as a Chaplain, but asserts that Plaintiff had not been hired as a chaplain; rather, Plaintiff worked as a correctional officer.  Doc. 14, p. 2.  Plaintiff explains in his response, doc. 16, that he

---

[2] Upon remand, it would be appropriate to consider a FED. R. CIV. P. 25 substitution with the Secretary of the Department of Corrections being the named Defendant.  "The Eleventh Amendment, however, does not preclude suits against state officers in their official capacity for prospective injunctive relief to prevent a continuing violation of federal law." Henrietta D. v. Bloomberg, 331 F.3d 261, 287 (2nd Cir. 2003), *cert. denied* 541 U.S. 936 (2004); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161, 179 (3rd Cir. 2002), *cert. denied* 537 U.S. 1232 (2003) (concluding that "federal ADA claims for prospective injunctive relief against state officials are authorized by the Ex parte Young doctrine.").  *See also* Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985); Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (Eleventh Amendment no bar to "federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to 'end a continuing violation of federal law.' ").

has only suggested that he could be re-employed with the Department of Corrections as a chaplain because he is an ordained minister.  At any rate, this argument is not appropriate for consideration on a motion to dismiss because Plaintiff *can* seek injunctive relief on an ADA claim against the State *if* he is successful in this action.  The particular types of requests for injunctive relief is not a basis for dismissal of this action.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 14, be **GRANTED** as Defendant is protected by Eleventh Amendment immunity as to monetary damages, but that the motion to dismiss be otherwise **DENIED**.  It is further **RECOMMENDED** that Defendant be directed to file an Answer to Plaintiff's amended complaint within twenty days of the date this report and recommendation is entered on the docket, and the case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 18, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**